# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JESSE COOLEY, JR., | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-00202-TFM-N |
| | ) |
| DIRECTOR OF MENTAL HEALTH, | ) |
| *AltaPointe Health Systems*, | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATIONS

Petitioner Jesse Cooley, Jr., proceeding without counsel (*pro se*), initiated this action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1), challenging his continued commitment to an AltaPointe Health Systems group home by the Circuit Court of Mobile County, Alabama, pursuant to a criminal judgment finding him not guilty by reason of insanity.  The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action.  *See* (Docs. 4 & 15); S.D. Ala. GenLR 72(b); (4/25/2019 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

After preliminary review of the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned

ordered that the Respondent Director of Mental Health for AltaPointe Health Systems ("the Director") and the Alabama Attorney General ("Attorney General") be served with copies of the petition for an answer or other appropriate response. (*See* Docs. 10, 17). Both the Director and the Attorney General have filed responses, with the Attorney General producing copies of Cooley's relevant state court records. (Docs. 11, 19).

## I.   *Analysis*

### A.   The Petition

Records from Cooley's state court proceedings indicate that, as a result of being found not guilty by reason of insanity, Cooley was committed to the custody of the Alabama Department of Mental Health (ADMH) on October 29, 2014. (Doc. 19-3, PageID.148). On July 17, 2018, on the proposal of ADMH under Alabama Rule of Criminal Procedure 25.8, the Mobile County Circuit Court ordered that Cooley "be released from the custody of ADMH to a group home operated by Altapointe Mental Health Center, Mobile, Alabama, pursuant to the" terms and conditions specified. (Doc. 19-3). On January 22, 2019, Cooley filed *pro se* a motion with the Mobile County Circuit Court (Doc. 19-5), which that court construed as a motion "to remove some or all of the conditions of his release to Altapointe" and denied by order entered February 5, 2019. (Doc. 19-6).[1]

---

[1] *See* Ala. R. Crim. P. 25.8(i) ("If at any time after a defendant has been conditionally released, it appears that removal of some or all of the conditions will not cause the defendant to pose a real and present threat of substantial harm to himself or to others by being at large, the court, after a hearing, shall remove the

On July 12, 2019, the Mobile County Circuit Court ordered the issuance of an arrest warrant for Cooley after being notified he had absconded from AltaPointe custody by jumping from a car on the way to a medical appointment." (Doc. 19-7). Cooley was arrested on September 11, 2019 (*see* Doc. 19-8); on December 9, 2019, AltaPointe filed an "Emergency Petition for Alternative Placement" requesting a hearing to determine if Cooley should be returned to the custody of ADMH for further treatment. (Doc. 19-9). On December 17, 2019, after holding a hearing and hearing evidence, the Mobile County Circuit Court found that Cooley, "as a direct result of his mental illness and as a consequence thereof, poses a real and present threat of substantial harm to himself or others." (Doc. 19-12). Accordingly, the court granted AltaPointe's petition, ordered Cooley returned to the custody of ADMH, reinstated the conditions originally governing Cooley's placement with ADMH, and ordered Cooley held in Mobile Metro Jail until a bed becomes available for him at ADMH. (Doc. 19-12). According to the Alabama Attorney General's response filed January 23, 2020, "Cooley remains in the Mobile Metro Jail awaiting an opening at Taylor Hardin Secure Facility." (Doc. 19, PageID.140).

In spite of Cooley's revocation of release and recommitment to ADMH custody, the state court judgment relevant to Cooley's present § 2254 habeas petition remains the Mobile County Circuit Court's July 17, 2018 order conditionally releasing Cooley from the custody of ADMH to AltaPointe. Moreover, Cooley is still "in custody" under that order because (1) he filed his petition while

---

unnecessary conditions, or it shall order the defendant released unconditionally and terminate its jurisdiction over the case, as the case may be.").

still subject to its conditions, and (2) his subsequent court-ordered return to ADMH custody was based on his violation of those conditions.[2]

The Director's response requested that he be dismissed from this case because he is not a proper respondent to the present habeas petition.  Previously, the undersigned explained why the Director's argument was unpersuasive and that he was the proper respondent at the time the petition was filed.  (*See* Doc. 17, PageID.132-133).  However, in light of the fact that Cooley has been re-committed to the custody of ADMH since he filed his petition, the undersigned agrees that the Director is no longer the proper respondent, and that Lynn T. Beshear, the Commissioner of ADMH,[3] is due to be substituted as the respondent in this action, as ADMH is now "the entity or person who exercises legal control with respect to the challenged custody."  *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) (quotation marks omitted).  Accordingly, the Director's motion to be dismissed from this action (Doc. 11) is due to be found **MOOT**.

Moreover, the undersigned disagrees with both the Director and the Alabama Attorney General that Cooley has failed to exhaust his state court remedies challenging the conditional release order.  As noted above, Cooley challenged his

---

[2] "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). [The Supreme Court] ha[s] interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam).

[3] *See* https://mh.alabama.gov/commissioner/ (last visited Feb. 4, 2020).

conditions of release by motion filed January 22, 2019 – raising essentially the same claims as in his present habeas petition – which the Mobile County Circuit Court denied on February 5, 2019.  Under Alabama law, such an order is not appealable, *see Ala. Dep't of Mental Health & Mental Retardation ex rel. McClothan v. State*, 873 So. 2d 1176, 1181 (Ala. Crim. App. 2003) (per curiam) ("*McClothan II*") ("Both the [Criminal Psychopath Release Restriction] Act[, codified in § 15–16–60 et seq., Ala. Code 1975,] and Rule 25, Ala. R. Crim. P., prescribe the procedures for initiating an involuntary commitment proceeding after a verdict of not guilty by reason of mental disease or defect has been returned by a jury.  They also address the procedure to petition a circuit court for release. However, neither the Act nor the rule provides for appellate review of a circuit court's ruling denying a motion for release made by the Department, the person involuntarily committed, or by a person on the committee's behalf."); *Canidate v. Reddoch*, No. 2:04-CV-682-VPM, 2006 WL 2480062, at *1 (M.D. Ala. Aug. 25, 2006) ("[T]here is no provision under [Alabama] law for appellate review of a court's denial of a motion for release…" (citing *McClothan II*, 873 So. 2d at 1177)), nor can Cooley separately challenge his conditions of release by a separate state writ of habeas corpus, as the Attorney General suggests.  *See McClothan II*, 873 So. 2d at 1180 (Alabama Rule of Criminal Procedure 25 and the Criminal Psychopath Release Restriction Act "effectively amend and replace § 15–21–3, the habeas corpus statute, with respect to persons who are committed after the entry of a verdict of not guilty by reason of mental disease or defect. Both the Act and the rule provide entirely new procedures for, and

venues in which to seek, release of a defendant who has been involuntarily committed." (footnote omitted)).⁴  Accordingly, by the time he filed the present petition in April 2019, Cooley had "invok[ed] one complete round of the State's established appellate review process" challenging the conditions of release imposed on July 17, 2018, thus exhausting his state court remedies on his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

---

⁴   The cases on which the Attorney General relies predate the 2003 *McClothan II* decision.  (*See* Doc. 19, PageID.141).  In *Schell v. State Department of Mental Health & Mental Retardation*, 606 So. 2d 1149 (Ala. Civ. App. 1992), the Alabama Court of Civil Appeals affirmed the circuit court's denial of an ADMH inmate's petition for a writ of habeas corpus challenging his involuntary commitment, though without discussing why it had authority to do so.  In *Alabama Department of Mental Health & Mental Retardation ex rel. McClothan v. State*, 819 So. 2d 113 (Ala. Crim. App. 2001) (per curiam) ("*McClothan I*"), the Court of Criminal Appeals dismissed the appeal after holding that the only appellant, ADMH, had no right to appeal a circuit court's ruling denying its request to release an inmate from its custody, while noting, in dicta in a footnote, that "[i]f McClothan desires to seek review of the trial court's ruling denying his release from the Department of Mental Health's custody he can file a petition for a writ of habeas corpus in the circuit court nearest the place of his committment [sic]."  *McClothan I*, 819 So. 2d at 114 & n.1 (citing Ala. Code § 15-21-6 (providing where habeas petitions should be addressed)).

In *McClothan II*, where both ADMH and McClothan were appellants, the Court of Criminal Appeals expressly addressed the effect of Alabama Rule 25.8 and the Criminal Psychopath Release Restriction Act on Alabama's general habeas corpus statute, holding that they "effectively amend and replace ... the … statute with respect to persons who are committed after the entry of a verdict of not guilty by reason of mental disease or defect."  *McClothan I*, 873 So. 2d at 1180.  The court further noted that "those statutory provisions that conferred jurisdiction on the Court of Civil Appeals were effectively repealed, in part, by the adoption of the Act[, as t]he Act and Rule 25 both provide that the action to commit a defendant acquitted on the basis of a mental disease or defect is initiated by the trial court and not the Department and that an action to release the acquittee is commenced in the trial court of the county where the criminal act occurred, not in the probate court of the county where the mental-health facility at which the acquittee has been committed is located."  *Id.* at 1179.

However, Cooley is due no relief on the merits of his petition.[5]  Because Cooley's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  *E.g.*, *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013).  "Under AEDPA, if a petitioner's claims have been 'adjudicated on the merits in State court,' a federal court cannot grant habeas relief unless the state court's adjudication of the claims (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Hittson v. GDCP Warden*, 759 F.3d 1210, 1230 (11th Cir. 2014) (quoting 28 U.S.C. § 2254(d)), *cert. denied*, 135 S. Ct. 2126 (2015).  "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires a state prisoner to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error beyond any possibility for fairminded disagreement.  If this standard is difficult to meet—and it is—that is because it was meant to be.  [Federal courts] will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (internal

---

[5] Even if Cooley has not exhausted his state court remedies, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).

citations and quotations omitted). *See also Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) ("AEDPA's standard is intentionally ' " ' difficult to meet. ' " ' " (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014) (quoting *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786, 185 L. Ed. 2d 988 (2013)))). The United States Supreme Court has

> explained that " 'clearly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." *White*, 572 U.S., at ——, 134 S. Ct., at 1702 (some internal quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.*, at ——, 134 S. Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).
>
> Adherence to these principles serves important interests of federalism and comity. AEDPA's requirements reflect a "presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (*per curiam*). When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra,* at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376.

> Finally, "AEDPA instructs that, when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Burt v. Titlow,* ——U.S. ——, 134 S. Ct. 10, 15, 187 L. Ed. 2d 348 (2013) (quoting 28 U.S.C. § 2254(d)(2)). In such cases, "[t]he prisoner bears the burden of

>rebutting the state court's factual findings 'by clear and convincing evidence.' " *Id.* (quoting 28 U.S.C. § 2254(e)(1)). Like the "unreasonable application" standard in § 2254(d)(1), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen,* 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L. Ed. 2d 738 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question ... that does not suffice to supersede the [state] court's determination." *Id.* (alterations and quotation marks omitted).

*Hittson*, 759 F.3d at 1230.

In his January 22, 2019 *pro se* motion to the Mobile County Circuit Court (Doc. 19-5), Cooley simply presented various reasons, with some supporting evidence, why he believed he was entitled to unconditional release from AltaPointe under Alabama Rule 25.8, and also requested that he be appointed counsel to argue his position. Cooley's motion did not raise any federal issues justifying such relief. In its order denying that motion, the circuit court explained that Cooley "provide[d] no facts, evidence or medical opinions supporting such an unconditional release[,]" and was "not accompanied by a certification from Altapointe (or any other mental health expert) that such a release is appropriate…" (Doc. 19-6). The court further noted that "[i]n fact, Cooley's history demonstrates just the opposite – that he needs to be subject to conditions if he is not in the custody of the Department." (Doc. 19-6).

In his present petition, Cooley merely quarrels with the Mobile County Circuit Court's decision that he had not presented sufficient facts or evidence justifying unconditional release, and falls far short of showing by clear and

convincing evidence that the Mobile County Circuit Court's decision was "based on an unreasonable determination of the facts in light of the evidence presented" to it. 28 U.S.C. § 2254(d)(2). *Cf. Jones v. United States*, 463 U.S. 354, 370 (1983) ("[W]hen a criminal defendant establishes by a preponderance of the evidence that he is not guilty of a crime by reason of insanity, the Constitution permits the Government, on the basis of the insanity judgment, to confine him to a mental institution until such time as he has regained his sanity or is no longer a danger to himself or society. This holding accords with the widely and reasonably held view that insanity acquittees constitute a special class that should be treated differently from other candidates for commitment."). While he also claims the Mobile County Circuit Court should have appointed him an attorney to argue his motion, the circuit court violated no clearly established federal law in not doing so, as there is no constitutional right to counsel in such proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."). Otherwise, Cooley's petition does not assert any violation of federal law, and the United States Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam) (quotations omitted). Accordingly, Cooley's present petition is due to be denied on the merits and therefore dismissed with prejudice.

### B.     Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). While "a COA does not require a showing that the appeal will succeed[,]" a prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted). Rather, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' "

*Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

Upon consideration, the undersigned finds that Cooley should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as he has not made a substantial showing of the denial of a constitutional right..[6]

### C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that

---

[6] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Cooley in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[7]

## II.   *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Lynn T. Beshear, Commissioner of the Alabama Department of Mental Health, be substituted for the Director of Mental Health for AltaPointe Health Systems as the

---

[7] Should the Court deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

Respondent in this action; that the Director's motion to be dismissed from this action (Doc. 11) be therefore found **MOOT**; that Cooley's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED with prejudice;** that the Court find Cooley not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*; and that final judgment be entered accordingly in favor of the Respondent under Federal Rule of Civil Procedure 58.

**DONE** this the 4th day of February 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.